
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30294 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00131-RAJ-1 |
| v. | |
| CHARLES ROLAND CHEATHAM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted August 13, 2021
Seattle, Washington

Before: EBEL**, BEA, and VANDYKE, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Charles Cheatham

challenges his convictions for 1) conspiring to distribute controlled substances,

2) carrying a firearm during and in relation to a drug-trafficking crime, and

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of
Appeals for the Tenth Circuit, sitting by designation.

3) conspiring to commit money laundering. Cheatham challenges the district court's decision to deny his motions to suppress and raises three grounds for relief: First, that there was inadequate probable cause underlying a tracking warrant for two of his phones; second, that there was inadequate probable cause underlying a wiretap for one of his phones; and third, that the wiretap's "necessity" requirement was not met. (E.R. 50, 128–34). On all issues, we affirm.[1]

**1.** We review de novo the district court's rulings as to whether probable cause was proven, see United States v. Dixon, 984 F.3d 814, 818 (9th Cir. 2020), but review the magistrate judge's finding of probable cause for "clear error," see United States v. Tan Duc Nguyen, 673 F.3d 1259, 1263 (9th Cir. 2012). We agree with the district court that the magistrate judge issuing the tracking warrant for Cheatham's cell phones, Target Telephones ("TT") 14 and 15, did not clearly err in determining that there was probable cause —a "fair probability" based on the totality of the circumstances—to believe tracking Cheatham's phones would result in the discovery of evidence of a crime. United States v. Elmore, 917 F.3d 1068, 1074 (9th Cir. 2019) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Specifically, while tapping the cell phone of Michael Morgan, the already identified leader of a drug-trafficking organization ("Morgan DTO"), police intercepted a call between Morgan and Cheatham. Although vague and brief, that

_____

[1] We GRANT the Government's unopposed motion to take judicial notice.

2

intercepted conversation was sufficient to provide the necessary probable cause, when considered in the context of several other intercepted phone calls that Morgan made during that same time period. Furthermore, the sworn affidavit from a drug task force officer ("TFO"), based on his training and experience, explained that during those calls Morgan was seeking to collect drug sale proceeds.

**2.** The magistrate judge also did not clearly err in determining that there was probable cause to believe that a wiretap on Cheatham's TT15 would result in the discovery of evidence that he was committing, had committed, or was about to commit a drug-trafficking crime. See 18 U.S.C. §§ 2516(1)(e), 2518(3)(a). The TFO's sworn affidavit submitted in support of the application for the wiretap order included information that linked Cheatham to drug-trafficking generally, as well as information specifically linking him to the Morgan DTO.

**3.** On the necessity issue, we review de novo whether the government provided a full and complete affidavit as required under 18 U.S.C. § 2518(1)(c), see United States v. Christie, 825 F.3d 1048, 1066 (9th Cir. 2016), but review for abuse of discretion whether the district court properly determined that the wiretap was necessary, see United States v. Barragan, 871 F.3d 689, 700 (9th Cir. 2017). The TFO's affidavit submitted in support of the wiretap on Cheatham's TT15 adequately established the necessity for that wiretap, as 18 U.S.C. § 2518(1)(c) requires. The affidavit both sufficiently detailed the other investigative techniques

3

law enforcement had already employed to investigate Cheatham and the Morgan DTO, to which Cheatham was linked, and sufficiently explained why those investigative techniques were ineffective, unlikely to succeed, or too dangerous to accomplish the investigation's objectives.  See United States v. Estrada, 904 F.3d 854, 862–65 (9th Cir. 2018).  Based on the information in the affidavit, the district court did not abuse its discretion in determining, under 18 U.S.C. § 2518(3)(c), that the wiretap was necessary.

**AFFIRMED**.